UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK ALEXANDER LEON MARQUEZ,<br><br>    Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | CIVIL ACTION NO. 3:22-CV-00522<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This matter was instituted on April 9, 2022, by the filing, through counsel, of a complaint seeking judicial review of a final decision of the Commissioner of Social Security denying benefits to Plaintiff Derek Alexander Leon Marquez ("Marquez"). (Doc. 1). On June 21, 2022, Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration ("SSA") filed an answer and the transcript of the administrative record (Doc. 6; Doc. 7), triggering a deadline of August 5, 2022, by which Marquez was to file a brief in support of his complaint. *See* L.R. 83.40.4 ("Plaintiff shall serve and file a brief within forty-five (45) days of service of defendant's answer . . . ."). Pursuant to the Order granting Marquez's motion for extension of time to file brief, Marquez's brief in support of his complaint was due on or before August 29, 2022. (Doc. 8; Doc. 9). Marquez has neither filed his brief nor requested another extension of time within which to do so. The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 10). For the following reasons, Marquez's complaint will be **DISMISSED** without prejudice for failure to prosecute.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

On January 16, 2020, Marquez protectively filed an application under Title XVI for supplemental security income ("SSI") benefits, alleging disability beginning February 1, 2002. (Doc. 7-2, at 22). The SSA initially denied the application on September 1, 2020, and upon reconsideration on December 22, 2020, prompting Marquez's request for a hearing, which Administrative Law Judge ("ALJ") Gerald W. Langan held on April 12, 2021. (Doc. 7-2, at 22). In a written decision dated August 25, 2021, the ALJ determined that Marquez "has not been under a disability, as defined in the Social Security Act, since January 16, 2020, the date the application was filed," and, therefore, is not entitled to benefits under Title XVI. (Doc. 7-2, at 35). On March 21, 2022, the Appeals Council denied Marquez's request for review. (Doc. 7-2, at 2).

On April 9, 2022, Marquez, through counsel, filed his complaint, seeking judicial review pursuant to 28 U.S.C. § 1331 of the adverse decision in his claim for SSI. (Doc. 1). On April 11, 2022, the Court issued summons and a Standing Practice Order, setting forth a briefing schedule for this matter and notifying Marquez that "[w]ithin forty-five (45) days after service of the defendant's answer, the plaintiff shall serve and file a brief containing the following: statement of the case, statement of errors, argument and conclusion." (Doc. 2; Doc. 3). The Commissioner responded on June 21, 2022, providing the requisite transcripts from Marquez's disability proceedings. (Doc. 6; Doc. 7). Pursuant to the Order granting Marquez's motion for extension of time to file brief, Marquez's brief in support of his complaint was due on or before August 29, 2022. (Doc. 8; Doc. 9). On February 23, 2023, the Court directed Marquez to show cause on or before March 2, 2023, as to why this case should not be dismissed. (Doc. 11). On April 3, 2023, the Court issued a second Order,

directing Marquez to file his brief in support of his complaint on or before April 10, 2023, and directing the Clerk of Court to serve a copy of the Order on Plaintiff as well as counsel. (Doc. 12). Neither Marquez nor his attorney has filed a brief in support of the complaint, or otherwise responded to the Court's Orders.

II. **STANDARD OF LAW**

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Proc. 41(b). The Court of Appeals for the Third Circuit interprets this rule as to permit a district court to dismiss an action *sua sponte*. See *Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012) ("Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if a plaintiff fails to prosecute his case."). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. See *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The Third Circuit has identified six factors – commonly referred to as the *Poulis* factors – to consider when contemplating dismissal of a case for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. See *Poulis v. State Farm Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Third Circuit has explained that no single *Poulis* factor is determinative, and that dismissal may be appropriate even if some of the factors are not met. See *Shields*, 474 F. App'x at 858; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.

1992). The Third Circuit also cautions that "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson*, 296 F.3d at 190.

III. **DISCUSSION**

After careful review of Marquez's case, the Court finds that the bulk of the *Poulis* factors weigh in favor of dismissing this action.

A. **PLAINTIFF'S PERSONAL RESPONSIBILITY**

Looking to the *Poulis* factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to Marquez. While Marquez is not responsible for his counsel's initial failure to file a brief, the Order to show cause dated April 3, 2022, was mailed to Marquez's address of record. (Doc. 12) ("The Clerk of Court is directed to serve a copy of this Order on the Plaintiff at his address of record"). Marquez can be held responsible for his failure to notify the Court of any issues with his attorney's representation or whether he wished to proceed with his case after he received the Order to show cause. *See Arvelo v. Saul*, No. 20-CV-00213-RAL, 2021 WL 1174559, at *2 (E.D. Pa. Mar. 29, 2021). Therefore, the first *Poulis* factor weighs in favor of dismissal.

B. **PREJUDICE TO THE DEFENDANT**

As for the second *Poulis* factor, a finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, Marquez's failure to file a brief of issues for review prejudices the

Commissioner, who is unable to move this action towards a resolution. *See Arvelo*, 2021 WL 1174559, at *2; *Charlton v. Comm'r of Soc. Sec.*, 2020 WL 6887886, at *2 (E.D. Pa. Nov. 24, 2020)). Because Marquez has not stated the grounds for alleged errors committed by the ALJ, the Commissioner cannot respond to his claims. Therefore, the second *Poulis* factor weighs in favor of dismissal.

C. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Emerson*, 296 F.3d at 191 (per curium) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875. Here, Marquez has exhibited a lack of substantive action since this case was filed, failing to comply with the Standing Practice Order (Doc. 3) and repeatedly ignoring subsequent Court Orders (Doc. 11; Doc. 12).[1] The Court finds that Marquez's conduct

---

[1] Marquez's counsel has a rather unfortunate history of dilatory filings with this Court, seeking multiple extensions of time to file briefs in support of claims he brought before this Court. Many of those motions were filed *nunc pro tunc*. In all of them, Marquez's counsel claimed that he had a "number of projects, hearings, briefs and consultations," which caused the need for the enlargements of time. These matters include but are not limited to *Cartagena v. Kijakazi*, No. 3:21-CV-1238, ECF No. 14 (the Court noted that "in every other open matter before this Court in which the Administrative Record has been filed and plaintiff briefs are due, Plaintiff's counsel has sought at least one, but usually several extensions of time for nearly identical reasons); *Cruz v. Saul*, No. 3:20-CV-02029, ECF No. 13; ECF No. 15; ECF No. 17 (filed *nunc pro tunc*)); *Bonilla v. Saul*, No. 3:20-CV-02217, ECF No. 11; ECF No. 13;

*(footnote continued on next page)*

displays "[e]xtensive or repeated delay or delinquency," which constitutes "a history of dilatoriness." *Adams*, 29 F.3d at 874; *see Mossie v. Soc. Sec. Admin.*, No. CV 20-4951, 2022 WL 612667, at *2 (E.D. Pa. Mar. 1, 2022).

### D. Plaintiff's Willful Conduct or Bad Faith

The fourth *Poulis* factor requires the Court to consider whether Marquez's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). Here, it is not clear that Marques's conduct suggests willfulness or bad faith. Marquez has not filed anything on the docket since August 10, 2022, and has failed to respond to the Orders to show cause. (Doc. 8; Doc. 11; Doc. 12). These failures alone do not reflect a willful or bad faith attempt to delay these proceedings. *See Arvelo*, 2021 WL 1174559, at *2. Therefore, the fourth *Poulis* factor weighs against dismissal.

### E. Availability of Alternative Sanctions

The fifth *Poulis* factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Here, alternative sanctions are unlikely to be effective even though Marquez is represented by counsel. The Court finds that it is unlikely that imposing any monetary or other sanctions on counsel would be effective when counsel has failed to respond to the

---

ECF No. 14 (filed *nunc pro tunc*)); *Vizcarrondo v. Saul*, No. 3:20-CV-02367, ECF No. 13; ECF No. 15; ECF No. 17); *Rivera v. Saul*, No. 3:20-CV-02324, ECF No. 15); *Philhower v. Saul*, No. 3:21-CV-00641, ECF No. 11 (filed *nunc pro tunc*)); ECF No. 13; ECF No. 15); *Light v. Saul*, No. 21-CV-00987, ECF No. 11); *Lynch v. Saul*, No. 3:21-CV-00880, ECF No. 11; ECF No. 13; ECF No. 15 (filed *nunc pro tunc*)); *Ramirez v. Saul*, No. 3:22-CV-00431, ECF No. 10.

Orders to show cause and argue that this case should not be dismissed. If counsel is unwilling to respond to an order notifying him that this case will be dismissed without further action, it is doubtful that any other sanctions would elicit a response. *See Arvelo*, 2021 WL 1174559, at *2; *Mossie*, 2022 WL 612667, at *2. Therefore, the fifth *Poulis* factor weighs in favor of dismissal.

### F. Meritoriousness of Plaintiff's Claims

For the final factor, *Poulis* instructs that "[i]n considering whether a claim . . . appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." 747 F.2d at 869-70. While the administrative record is currently before the Court, which contains the ALJ's unfavorable decision that Marquez challenges, the Court lacks a supporting brief explaining the basis for his appeal. The Court finds this factor to be neutral in light of Marquez having not provided this Court with a brief, and the accompanying statement of the case, statement of errors, argument, and conclusion, required to be set forth therein. *Srebro v. Social Security Administration*, 2019 WL 1988660, at *2 (M.D. Pa. 2019).[2]

---

[2] In any event, the Commissioner's decision appears valid on its face. The question before the Court, therefore, is not whether Marquez is disabled, but whether the Commissioner's finding that Marquez is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014). Considering all evidence in the record, the ALJ determined that Marquez had the RFC "to perform medium work as defined in 20 CFR 416.967(c)," subject to certain non-exertional limitations. Based upon its independent review of the record, and again without the benefit of a brief from Marquez, the Court finds that the ALJ's determination that Marquez was not disabled follows from an RFC finding that was adequately explained and supported by substantial evidence.

G. BALANCING THE *POULIS* FACTORS

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe*, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222; *Mindek,* 964 F.2d at 1373. Here, on balance, the *Poulis* factors weigh heavily in favor of dismissal of this action for lack of prosecution. As it is apparent to the Court that Marquez have made no effort to prosecute this case as evidenced by his failure to file a brief in support of his claims or respond to the Court's Orders, the Court will dismiss this action for failure to prosecute.

IV. CONCLUSION

Based upon the discussion above, Marquez's complaint is **DISMISSED** for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. 1).

An appropriate Order follows.

Dated: April 17, 2023                         *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **Chief United States Magistrate Judge**